Argued and submitted January 18, affirmed July 6, 2017

In the Matter of K. C.,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

K. C.,
*Appellant.*

Washington County Circuit Court
16CC02711; A162076

400 P3d 1030

Joseph DeBin argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Robert Wilsey, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jacob Brown, Assistant Attorney General.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.

**PER CURIAM**

Appellant challenges the circuit court's order committing her to the Oregon Health Authority (OHA) for a period of time not to exceed 180 days, pursuant to ORS 426.130. Appellant raises two assignments of error. In her first, she asserts that the state failed to present sufficient evidence that she was dangerous to others due to a mental disorder. We reject that argument without discussion. In her second, she asserts that the trial court erred by keeping her shackled at the hearing. For the reasons that follow, we reject that argument as unpreserved. Therefore, we affirm.

At the outset of the civil commitment hearing, appellant's hands were cuffed to a chain around her waist and her legs were shackled. Appellant's counsel informed the court that appellant "would like to be uncuffed and shackled" and that she found the restraints "uncomfortable." Appellant's counsel also stated:

> "But just to be candid, I'm also trying to address this as a global issue because I think when mentally ill people are brought to court in shackles, that there are drawbacks to that and that there are reasons that maybe that shouldn't be the case."

The state took no position on appellant's request. The court asked the sheriff's deputy who was accompanying appellant whether he had any concerns about removing appellant's restraints. The deputy responded that he preferred that appellant remain restrained. When asked, the deputy said that he had no specific information regarding whether appellant was a danger. The deputy offered to remove appellant's leg shackles if they were uncomfortable, "while keeping appellant in handcuffs." The court accepted that offer.

Appellant testified at the hearing. After the parties presented their cases, two mental health examiners wrote reports on appellant. At the conclusion of the hearing, the court committed appellant.

On appeal, appellant argues that the circuit court violated her right to due process under the federal constitution by keeping her shackled, because (1) the court did

not make an independent determination that the shackles were justified, but instead deferred to the deputy, and (2) the court did not make a record regarding the need for the shackles. In response, the state asserts that appellant's arguments are not preserved. The state is correct. As we held in *State. v. Steltz (A149320)*, 259 Or App 212, 216, 313 P3d 312 (2013), *rev den*, 354 Or 840; 355 Or 751 (2014), a general objection to shackling is insufficient to preserve claims that a court improperly deferred to another person's assessment of the need for restraints and failed to make a record of its reasons for requiring restraints. In *Steltz*, the trial court ordered the defendant to wear a stun belt, and the defendant objected. On appeal, we held that the defendant's "brief and general objection was not sufficient to preserve the arguments that the defendant [made] on appeal," which were that the court "impermissibly deferred to the sheriff's risk assessment and failed to make a record of its reasons for requiring restraints." *Id*. Consequently, we reject appellant's similar arguments in this case as unpreserved.

Affirmed.